IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:08CR00033-003 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ALPHEUS SPENCER ADAMS, | ) | |
| | ) | |
| Defendant. | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| | ) | |

Before me is the issue of the forfeiture of Defendant's property and the entry of a money judgment in favor of the United States against the Defendant. I heard oral argument on the issue of forfeiture on June 4, 2009, and it has been briefed by the parties. For the reasons given below, I will **GRANT** the Government's request for entry of the proposed Order of Forfeiture as to Defendant Adams.

**I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On September 4, 2008, Defendant Alpheus Spencer Adams ("Defendant") was indicted by a federal grand jury for drug and gun violations, specifically violations of 18 U.S.C. § 922(g)(3) and 21 U.S.C. §§ 841(a)(1) and 846. (Docket No. 20). Included in the indictment was a Notice of Forfeiture, which listed certain real and personal property associated with a codefendant of Adams, as well as a money judgment representing the proceeds of the charged drug conspiracy. On September 23, 2008, the United States filed a Notice of Bill of Particulars for Forfeiture of Property identifying property associated with Defendant Adams. (Docket No. 62). Specifically, the Bill of Particulars filed by the United States named certain real property located at 1012 Haywood Street, Eden, North Carolina, and the approximate sum of $1300.00 in

1

U.S. Currency. (Notice of Bill of Particulars for Forfeiture of Property, Sept. 23, 2008.)

On March 17, 2009, Defendant Adams was convicted by a jury in the United States District Court for the Western District of Virginia. Directly following the Defendant's conviction, this Court addressed the outstanding forfeiture issues. Based on the evidence presented by the United States immediately after Defendant's trial, the Court denied the forfeiture of any specific property and declined to enter a money judgment in favor of the United States.[1]

On May 27, 2009, the United States filed a Motion for Reconsideration of the Ruling on Forfeiture. The Government requested that the Court reconsider its ruling by asking for an additional opportunity to present the basis for forfeiture. I granted the Government's Motion for Reconsideration of the Ruling on Forfeiture and allowed the Government to present additional evidence and argument on the forfeiture issue. (Order Granting Mot. for Recons., May 28, 2009.) On June 4, 2009, this Court heard oral argument and additional evidence on the issue of forfeiture of Defendant's real and personal property. At the conclusion of the June 4, 2009 hearing, I permitted counsel for the Defendant to file a Memorandum in Opposition to the entry of the Government's proposed Order of Forfeiture as to Defendant Adams. The United States filed a timely response to the Defendant's Memorandum.

## II.     STANDARD OF REVIEW

When considering a preliminary order of forfeiture, a court must not enter a judgment of forfeiture "unless the indictment or information contains notice to the defendant that the

---

[1] In its Motion for Reconsideration of Ruling on Forfeiture, the Government acknowledges that it did not present a clear picture for the Court on the issue of forfeiture immediately following the jury's verdict. However, the Government makes the compelling argument in its motion that no prejudice would result from the Court's reconsideration of the forfeiture issue, since the issue of criminal forfeiture can be determined at any time prior to sentencing. *See* Fed. R. Crim. P. 32.2(b).

2

government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." Fed. R. Crim. P. 32.2(a). As soon as practicable after a finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information in which a criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. Fed. R. Crim. P. 32.2(b)(1). If the government seeks forfeiture of specific property, the court "must determine whether the government has established the requisite nexus between the property and the offense." *Id.* If the forfeiture is contested, the court's determination is based on evidence presented by the parties at a hearing after the finding of guilt. *See id.* The Government may rely upon reliable hearsay to the same extent as any other aspect of sentencing. *See United States v. Ivanchukov*, 405 F. Supp. 2d 708, 709 n.1 (E.D. Va. 2005) ("It is equally clear that the traditional rules of evidence do not apply in determining issues related to criminal forfeiture.").

    If the court finds that property is subject to criminal forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party interest in all or part of it. Fed. R. Crim. P. 32.2(b)(2). Determining whether a third party has such an interest must be deferred until a third party files a petition in an ancillary proceeding. *See id.*

### III.    DISCUSSION

    As in any criminal forfeiture analysis, the starting point is the express language of the forfeiture statute. Criminal forfeiture is a creature of statute and Congress has enacted a comprehensive statutory scheme applicable to forfeiture proceedings such as the one present here. *See United States v. Ivanchukov*, 405 F. Supp. 2d 708, 711 (E.D. Va. 2005). Once the Government has met its burden, forfeiture is mandatory. *See United States v. Monsanto*, 491

3

U.S. 600, 606 (1989). Therefore, the question before me is whether the Government has established, by a preponderance of the evidence, that specific property has a nexus to the crime or that a specific amount of money is forfeitable as the total proceeds of a crime. After considering the evidence presented during the June 4, 2009 hearing, I conclude that the Government has sufficiently established the requisite nexus between the property and the applicable drug offenses. Since I find that the property is subject to forfeiture, I will grant the Government's request to enter the proposed forfeiture order.

        A.        <u>The Indictment is Not Defective Under Fed. R. Crim. P. 32.2(a)</u>

The Defendant asserts that the indictment is defective because the Government did not list the specific real or personal property to be forfeited by the Defendant. Defendant relies on Rule 32.2(a) of the Federal Rules of Criminal Procedure, providing that a court must not enter a judgment of forfeiture in a criminal proceeding "unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." Fed. R. Crim. P. 32.2(a). This requirement ensures that the Defendant is on notice of the Government's intent to pursue criminal forfeiture as part of the overall criminal proceedings. However, the Government contends that the Rule 32.2(a) notice provision does not require the Government to list "which" property it intends to seek in the indictment, so long as the defendant is apprised at the appropriate time in order to prepare his defense to the forfeiture.

The Fourth Circuit Court of Appeals has conclusively rejected the argument that forfeiture is a substantive element of offenses, and therefore must be specified in the indictment. Indeed, the Fourth Circuit and the Supreme Court have held that forfeiture is an element of the sentence imposed following conviction. *See Alexander v. United States*, 509 U.S. 544, 557-58

4

(1993) (criminal forfeiture is a form of monetary punishment); *United States v. Tanner*, 61 F.3d 231, 234 (4th Cir. 1995) (it is clear that criminal forfeiture is in fact punishment), *cert denied*, 516 U.S. 1119 (1996). The Defendant is correct that the Government first specifically identified the real property located at 1012 Haywood Street, Eden, North Carolina, and the approximate sum of $1300.00 in U.S. Currency as being subject to forfeiture in a bill of particulars filed after the Indictment. However, a bill of particulars "is an appropriate way to pinpoint certain assets, noted in the indictment, as subject to forfeiture." *United States v. Moffitt, Zwerling & Kemler, P.C.*, 83 F.3d 660, 665 (4th Cir. 1996). Thus, an indictment need not list each asset subject to forfeiture if a bill of particulars pinpoints the assets in question.

The indictment may use general language tracking the applicable forfeiture statute as long as specific assets are later identified by the Government in a bill of particulars. *See United States v. Davis*, 177 F. Supp. 2d 470, 484 (E.D. Va. 2001). In the case at hand, the Indictment contained a Notice of Forfeiture that outlined general language tracking 21 U.S.C. § 853. The Notice of a Bill of Particulars for Forfeiture of Property, filed in this case on September 23, 2008, adequately put the Defendant on notice of the Government's theory and desire to seek the forfeiture of assets related to the alleged drug activity. It is also difficult to identify any prejudice to the Defendant from the procedure followed here, given the short period of time between the Defendant's Indictment and the filing of the Government's Notice of a Bill of Particulars for Forfeiture of Property.[2] Accordingly, I find that the bill of particulars adequately provided the Defendant with the necessary notice to satisfy the Government's obligations.

    B.    <u>The Government Has Established the Requisite Nexus Between the Defendant's Property and the Convicted Offenses</u>

---

[2] The Government filed its Notice of a Bill of Particulars on September 23, 2008, merely nineteen (19) days after the date of Defendant's Indictment.

5

Since I have concluded that the Indictment contained adequate notice to the Defendant of the Government's intent to pursue criminal forfeiture with respect to his personal and real property, the only issue remaining is whether the Government has shown, by a preponderance of the evidence, the requisite nexus between the proceeds or property to be forfeited and the offense of conviction. *See* Fed. R. Crim. P. 32.2(b)(1). It is well established that the Government need not trace funds to a particular illegal act, but only to the criminal course of conduct. *See United States v. Parcels of Land*, 903 F.2d 36, 42 (1st Cir. 1990). Relevant factors for the court to consider include the timing of the defendant's acquisition of the property in relation to his commission of the offense, his lack of other legitimate sources of income, his criminal history, his propensity to deal exclusively in cash, the peculiar ways in which the property may have been titled, or the cash packaged, concealed or disbursed, and the steps he may have taken to conceal his connection to the asset. *See United States v. Alaniz*, 148 F.3d 929, 934 (8th Cir. 1998).

During the June 4, 2009 hearing, evidence was presented by the Government regarding the proximity and relatedness of Defendant's property to his illegal drug activities. ATF Investigator Gary Penn testified that $1300.00 in $100 bills was found in the Defendant's pants pocket on the day of his arrest. Investigator Penn also testified that Defendant's 2009 Nissan Maxima was purchased while the Defendant was unemployed. He also used the Nissan Maxima to traffic narcotics across the Virginia and North Carolina state lines. He told police at the time of his arrest that he had not drawn a check since February 2008, which was seven months prior to his arrest. His expenses during this time included $700.00 a month for the Maxima, $525.00 a month for child support, and $405.00 a month for the house at 1012 Haywood Street, Eden,

6

North Carolina. Defendant also stated to investigators that he sold a quarter ounce to an eight-ball of crack cocaine every other week from January 2008 to August 2008. Thus, the total cash value of what Defendant admitted to selling was $9800.00.[3] In addition, Harvey Morrison, a co-defendant in the Indictment along with Alpheus Adams, told investigators he saw Defendant selling two ounces of cocaine base every other day over the course of one-year. The total cash value of Defendant's illegal drug trafficking was, according to Morrison's statements, approximately $306,000.00.[4]

Investigator Penn also testified at the hearing about Defendant's residence at 1012 Haywood Street. Penn stated that Defendant had an agreement with a relative, Joseph Martin, in which Martin obtained the loan for the Haywood Street residence and Defendant would pay the loan back, via Joseph Martin, by giving Martin cash to pay the bank for the loan. According to Penn, Martin purchased the house for $39,000.00 and sold the house to the Defendant for $45,000.00. Although unemployed for several months, Defendant was able to stay current on his payments to Martin; in fact, there were several instances where triple payments were made to Martin. Martin also stated that he suspected Defendant was involved in illegal drug trafficking, but did not find out until after the sale of the Haywood Street residence to the Defendant that he was selling crack cocaine.

I find that the Government has fully satisfied the requirement of establishing the requisite nexus between the proceeds or property to be forfeited and the offense of conviction. The record establishes by more than a preponderance of the evidence that the Defendant essentially did not

---

[3] The total weight Defendant admitted to selling was 98 grams. According to Investigator Penn, the street price for a gram of cocaine base is $100 a gram. Thus, the total cash value Defendant admitted to selling was $9800.00.
[4] The total weight Morrison saw Defendant selling was two ounces of crack every other day. According to Morrison, Defendant sold this amount for about a year. According to Investigator Penn, the street price of an ounce of cocaine base is $850 an ounce. Thus, the total cash value Morrison alleges is approximately $306,000.00

7

work for 2008, yet he was able to keep his bills relatively current. There is also evidence from Morrison and Martin that Defendant was known to be involved in the sale of crack cocaine. As the Government stated during the hearing, cutting Morrison's estimate in half still arrives at a conservative estimate of $150,000.00 worth of drug proceeds. Based on the purchase price of his Haywood Street residence and what he still owed, the Defendant managed to pay down the house to the tune of $34,000.00. These facts, when combined with the Defendant's other requirements, such as child support and the Maxima payment, lead to the conclusion that this lifestyle is not supportable by someone who is unemployed, unless he is involved in illegal drug activity.

The Government has met its burden with regard to the $1300.00 in cash found on the Defendant at the time of his arrest. I conclude that the $1300.00 in cash constitutes direct proceeds of the illegal drug activity for which Defendant was convicted. The property located in 1012 Haywood Street, Eden, North Carolina was purchased and maintained, at least in part, with the proceeds of the drug offenses. Any equity above the amount of the drug proceeds that went towards the Haywood Street residence is forfeitable as a substitute asset. The Government is entitled to the forfeiture of the entire Haywood Street property under Rule 32.2(b)(2), and any determinations regarding the interests of third parties must be deferred until after a third party files a claim in an ancillary proceeding pursuant to Rule 32.2(c).[5] *See* Fed. R. Crim. P. 32.2(b)(2).

The Defendant further contends that the Government may not seek a money judgment as

---

[5] In cases involving the forfeiture of drug proceeds, there is a rebuttable presumption that a given piece of property is subject to forfeiture if the government establishes, by a preponderance of the evidence, that the property was acquired during the period of the drug violation or within a reasonable time thereafter and there was no likely source for the property other than from the drug violation. *United States v. Davis*, 177 F. Supp. 2d 470, 485 n.15 (E.D. Va. 2001).

8

part of the forfeiture. However, Rule 32.2(b)(1) provides that "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1). The Government is thus entitled to a personal judgment against the defendant for the total amount of illegal proceeds obtained by the Defendant as a result of the offense, regardless of whether the Defendant is still in possession of such proceeds. *See United States v. Morgan*, 224 F.3d 339, 342 (4th Cir. 2000) (defendant ordered to forfeit all illegal proceeds obtained in the course of a marijuana conspiracy, regardless of the fact that he no longer possessed the total amount); *United States v. Baker*, 227 F.3d 955, 970 (7th Cir. 2000) (recognizing that the government can enforce its forfeiture award as a regular *in personam* judgment and include the total amount of illegal proceeds the defendant generated over the years, not just the amount he has in his possession at the time of conviction); *United States v. Davis*, 177 F. Supp. 2d 470, 484-85 (E.D. Va. 2001) (recognizing forfeiture order requiring defendant to forfeit to the government $500,000). Accordingly, I find that, by a preponderance of the evidence, Defendant Adams obtained at least $140,000.00 in illegal drug proceeds in the course of the drug crimes for which he has been convicted. Pursuant to Rule 32.2(b)(2), the Government is entitled to a money judgment in the amount of $140,000.00.

**IV.     CONCLUSION**

For the reasons stated above, I will **GRANT** the Government's request for entry of the proposed Order of Forfeiture.  An appropriate Order will be entered.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 24th day of June, 2009.

s/Jackson L. Kiser
Senior United States District Judge
