CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 25 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:08-cr-00033-3 |
| | ) | |
| v. | ) | § 2255 MEMORANDUM OPINION |
| | ) | |
| ALPHEUS SPENCER ADAMS, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Alpheus Spencer Adams, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner argues that he did not receive the effective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution. The United States filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the United States' motion and strike the case from the active docket.

I.

On September 4, 2008, a federal grand jury in the Western District of Virginia returned a multi-count indictment against petitioner and co-conspirators involved in a drug-distribution conspiracy. The grand jury charged petitioner with conspiring to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 ("Count One"), and distributing more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 ("Count Four"). The indictment included a forfeiture notice about specific real and personal property.[1]

Petitioner pleaded not guilty, and a petit jury found him guilty of Counts One and Four on March 17, 2009. The evidence adduced at trial revealed that police used an informant to

---

[1] Petitioner and the United States agreed to have me decide the forfeiture claim. I ordered the forfeiture of $141,300 and other property.

make a controlled buy of crack cocaine in August 2008. The informant, while wearing a recorder, went to a house to buy crack and met petitioner.[2] Petitioner discussed the drug trade with co-conspirators and gave the informant crack cocaine. A police officer testified that petitioner admitted that he dealt drugs to make money because he had not had a job since early 2008. Police confiscated $1,300 in a pair of pants in petitioner's house and firearms in petitioner's car and house. A chemist's certificate of analysis revealed that petitioner sold the informant 27.4 grams of crack cocaine.

I held petitioner's sentencing hearing on September 8, 2009. Counsel filed objections to the presentence report ("PSR") to argue four claims. First, the evidence was insufficient to attribute 2.4 kilograms to petitioner, which caused petitioner's base offense level to rise from 30 to 36. Second, a firearm should not be associated with petitioner's drug crimes, which caused a two-point increase to petitioner's total offense level. Third, petitioner had a minimal role in the drug conspiracy and should receive a four-point decrease to the offense level. Fourth, petitioner qualified for a safety valve provision permitted by United States Sentencing Guideline ("U.S.S.G.") § 5C1.2. I denied counsel's objections and sentenced petitioner to, inter alia, 235 months' incarceration for both Count One and Count Four, to be served concurrently.[3] This term of incarceration was the minimum sentence within the sentencing range recommended by the U.S.S.G.

Petitioner appealed, and counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that no meritorious issues for appeal existed but suggesting that the

---

[2] The recorder captured both audio and video, but petitioner challenges the United States' transcription of the audio recording because the audio was garbled at times. The United States played the recording for the jury, who saw the video and heard the audio, but the United States simultaneously displayed a transcript as subtitles to the audio.
[3] I subsequently reduced the total term of incarceration to 188 months, pursuant to 18 U.S.C. § 3582(c).

2

Court of Appeals determine whether I erred by denying petitioner's motion for judgment of acquittal. Petitioner also filed a pro se appellate brief to reargue counsel's objections to the PSR. The Court of Appeals affirmed petitioner's convictions after specifically finding that I properly overruled counsel's objections to the PSR and adequately explained my reasoning for the 235-month sentences. The Court of Appeals further "reviewed the record in this case and . . . found no meritorious issues for appeal." United States v. Adams, No. 09-4840, slip op. at 4 (4th Cir. July 19, 2010).

Petitioner timely filed the instant § 2255 motion, arguing that counsel provided ineffective assistance because counsel:

1. Failed to object when the United States admitted the certificate of analysis during a police officer's testimony and without the opportunity to cross examine the chemist who analyzed the crack cocaine (Pet'r's claims 1 and 5);
2. Failed to challenge the United States' altered and fabricated taped evidence and erroneous transcript via a motion to suppress and to challenge the informant's perjurious testimony (Pet'r's claims 2 and 6);
3. Prevented petitioner from testifying at trial (Pet'r's claim 3);
4. Failed to consult with petitioner about the PSR, pursuant to Federal Rule of Criminal Procedure 32(i)(1)(A) (Pet'r's claim 4); and
5. Failed to advise petitioner that petitioner must request a jury to determine the forfeiture issues (Pet'r's claim 7).

The United States filed a motion to dismiss, arguing that petitioner's claims do not entitle him to relief. The United States relies on the affidavit of petitioner's counsel's.

II.

The United States filed a motion to dismiss that presents information outside the pleadings, which I will not exclude. Consequently, I treat the motion to dismiss as a motion for

3

summary judgment.[4] Fed. R. Civ. P. 12(d), 56. A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248.

Even if there is no dispute as to the evidentiary facts, summary judgment is not appropriate where the ultimate factual conclusions to be drawn are in dispute. Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991). A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. Russell v. Microdyne Corp., 65 F.3d

---

[4] The parties received reasonable and explicit notice that the court may convert a motion to dismiss that references matters outside the pleadings into a motion for summary judgment when the Clerk issued a timely Roseboro notice. See Fed. R. Civ. P. 12(d); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

4

1229, 1239 (4th Cir. 1995); Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). The court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). Furthermore, a party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A plaintiff cannot use a response to a motion for summary judgment to correct deficiencies in a complaint challenged by a defendant's motion for summary judgment. See Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009) (noting that a plaintiff may not amend a complaint through argument in a brief opposing summary judgment); Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (same).

III.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. See United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences via 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a complete miscarriage of justice, or events that were inconsistent with the rudimentary demands of fair procedure. United States v.

5

Timmreck, 441 U.S. 780, 784 (1979). A petitioner seeking relief under § 2255 must prove that: (1) a sentence violated the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose a sentence; (3) a sentence exceeded the maximum authorized by law; or (4) a sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Petitioner argues that his convictions were obtained in violation of the Sixth Amendment right to the effective assistance of counsel. A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

If a petitioner has not satisfied one prong of the Strickland test, a court does not need to inquire whether he has satisfied the other prong. Strickland, 466 U.S. at 697. "[A]n attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998). Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the

6

distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. "[E]ffective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

1. Claim (1)

Petitioner argues in Claim (1) that counsel's failure to object to the admission of the certificate of analysis without the chemist's testimony constitutes ineffective assistance. Crawford v. Washington, 541 U.S. 36 (2004), held that testimonial evidence against a defendant is inadmissible unless the declarant appears at trial or, if the declarant is unavailable, the defendant had a prior opportunity for cross-examination. A chemist's certificate of analysis to determine the chemical composition and weight of illegal drugs was determined to be "testimonial" evidence in Melendez-Diaz v. Massachusetts, ___ U.S. ___, 129 S. Ct. 2527, 2532 (2009). Pursuant to Crawford, a chemist who prepares a certificate of analysis to be used as testimonial evidence must be available for cross examination by the accused.

A police officer testified during petitioner's trial that the substance the informant recovered from petitioner was packaged and sent to a chemist, who created a certificate of analysis that the substance was 27.4 grams of crack cocaine. The certificate of analysis was admitted into evidence based on the police officer's testimony and without the chemist being available for cross examination. Counsel avers that petitioner agreed to stipulate with the United States that the substance was 27.4 grams of crack cocaine, and thus, the chemist was not required to appear at trial.[5] Petitioner denies that a stipulation existed and argues that the fact a stipulation

---

[5] "[A] stipulation, by definition, constitutes an express waiver made . . . preparatory to trial by the party or his attorney conceding for the purposes of trial the truth of some alleged fact . . . the fact is thereafter to be taken for granted; so that the one party need offer no evidence to prove it and the other is not allowed to disprove it . . . . It is,

7

is not reflected in the record proves that the stipulation did not exist.

If the stipulation did exist, counsel's decision to stipulate the weight of the crack cocaine would be objectively reasonable in light of the weight of evidence against petitioner. See, e.g., Young v. Catoe, 205 F.3d 750, 759 (4th Cir. 2000) (upholding the validity of tactical concessions on the grounds that, "on occasion, it is best to risk losing the battle in the hope of winning the war"); United States v. Berkovich, 168 F.3d 64, 67-68 (2d Cir. 1999) (holding counsel's decision to enter into a global stipulation part of a "reasonable trial strategy"); Brown v. Artuz, 124 F.3d 73, 77 (2d Cir. 1997) (identifying "what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed" as matters that "primarily involve trial strategy and tactics") (internal citations and quotation marks omitted); Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995) (holding that "tactical retreats may be reasonable and necessary within the context of the entire trial, particularly when there is overwhelming evidence of the defendant's guilt"); United States v. Leifried, 732 F.2d 388, 390 (4th Cir. 1984) (holding that defense counsel's tactical admission of the defendant's guilt of individual drug trafficking offenses to avoid conviction for a continuing criminal enterprise was reasonable trial strategy where the evidence of guilt was overwhelming).

If the stipulation did not exist, counsel would not have been deficient for not objecting to the introduction of the certificate of analysis via the police officer. The Supreme Court of the United States issued Melendez-Diaz on June 25, 2009, more than several months after petitioner's trial. Thus, the Supreme Court's holding that a certificate of analysis was testimonial

---

in truth, a substitute for evidence, in that it does away with the need for evidence." Vander Linden v. Hodges, 193 F.3d 268, 279 (4th Cir. 1999) (internal quotation marks omitted).

8

evidence had not yet been established. As non-testimonial evidence, the certificate's introduction was not dependent on the analyst's testimony or the defendant's waiver. See Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995) (finding that counsel was not ineffective for following a longstanding and well-settled law, even when that law is under attack in the United States Supreme Court at the time of trial). Accordingly, counsel was not deficient for not objecting to the authenticity or accuracy of the certificate of analysis.

2. Claim (2)

Petitioner argues in Claim (2) that counsel was ineffective for not: (a) challenging the informant's "perjurious" testimony, and (b) moving to suppress the United States' "altered" and "fabricated" taped evidence, including the "erroneous" and "inaccurate" transcript. Petitioner does not offer any proof to support these allegations.

Petitioner fails to establish counsel's deficient performance in challenging the informant's testimony. Counsel cross examined the informant and elicited testimony acknowledging that the informant's direct testimony did not match all the facts revealed by the video recording. Even petitioner recognizes that counsel vigorously cross examined the informant: "Trial counsel literally had a field day picking [the informant] apart, simply making him a defense witness, by having him admit that this testimony did not match the facts of the tape." (Pet'r's Br. in Supp. of Pet. 21.) Accordingly, counsel's cross examination was not constitutionally deficient.

Petitioner believes counsel was ineffective for not moving to suppress the United States' "altered" recording. Petitioner admits that the recording accurately shows the events as they occurred but believes the audio and transcript were altered. Petitioner believes that the recorder

9

was highly sophisticated, reliable, and accurate and that the only way the highly sophisticated recording equipment could produce such a poor quality audio recording is due to "mankind" tampering with the "true" recording. Petitioner concludes that the altered audio "incorporated falsities that insinuated petitioner's guilt via material variances."

Petitioner similarly fails to establish counsel's deficient performance about challenging the recording with a motion to suppress. Petitioner does not provide any evidence of the alleged alterations to the recording and merely relies on labels and conclusion to assert the claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that a basis for relief requires more than labels and conclusions). Without evidence to support an accusation of tampered evidence, it was not unreasonable for counsel to not file a motion to suppress. See Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998) ("The decision whether to file a . . . motion to suppress a confession is a classic tactical decision."). Furthermore, counsel did object to the United States' use of the transcript as evidence of what was recorded. (Day 1 Tr. Tran. 65.) Counsel cross-examined the informant about the discrepancies between the audio recording and the transcript. (Id. 133-35.) The informant acknowledged that the audio recording quality was poor and that not everything captured is reflected in the transcript. (Id. 138.)

Petitioner also fails to show prejudice. My cautionary instruction about the transcript precludes petitioner's conclusory arguments of prejudice. I told the jury:

10

> The transcript is an aid. It is not evidence. The evidence is the tape from which
> the transcript was made. And should you find a disparity between the tape and
> the transcript, the tape controls. So you will have to listen very carefully to the
> tape, the best you can. If I understand from opening statements, it might not be
> all that intelligible. But, in any event, the transcript is not evidence in the case.

(Id. 65.) I admitted the video and audio recording of the controlled buy as substantive evidence, but I permitted the jury to use the transcript only as a demonstrative exhibit to aid the jury to interpret the evidence, not as substantive evidence. (Id.; Day 2 Tr. Tran. 17.) Accordingly, the jury could not rely on the transcript to determine guilt, and Claim (2) fails.

3. Claim (3)

Petitioner argues in Claim (3) that counsel prevented petitioner from testifying. See United States v. Midgett, 342 F.3d 321, 325 (4th Cir. 2003) (acknowledging that a criminal defendant has a fundamental constitutional right to testify on his or her own behalf at trial); Sexton v. French, 163 F.3d 874, 881 (4th Cir. 1998) (noting that a defendant's waiver of the right to testify must be made voluntarily and knowingly). Petitioner alleges that petitioner and counsel discussed before trial petitioner's willingness to testify and that counsel "embraced the concept with open arms and believed it to be appropriate[.]" (Pet'r's Br. 15.) When I asked counsel to tell the venire who were his intended witnesses, counsel responded, "My client is Alpheus Adams. . . . and he may be a witness in this case. And that is the only witness we're prepared to identify at this time. . . ." (Day 1 Tr. Tran. 11.)

Petitioner wanted to testify to challenge a police officer's testimony about petitioner having a firearm during the drug conspiracy for protection. Petitioner believed that the officer's testimony "sounded incriminating" and "needed to be attacked in a way other than cross-examination." (Pet'r's Br. 16.) Petitioner wanted to explain to the jury that the Commonwealth

11

of Virginia authorized petitioner to lawfully own and possess firearms during the time the conspiracy existed. Petitioner believes that his testimony would be "exculpatory," but counsel said petitioner could not testify because counsel did prepare petitioner to testify and unprepared testimony would be disastrous. (Id. 16.)

Petitioner fails to establish prejudice for counsel allegedly preventing petitioner's testimony. Petitioner was being tried for a conspiracy to distribute crack cocaine and for distributing crack cocaine, not for a firearms offense. Petitioner's testimony about a legal basis to carry a firearm would not have had any reasonable probability to alter the jury's verdict for the conspiracy and distribution charges. Counsel explained the same argument to the jury during closing argument:

> [T]hey found a couple of guns. But, remember, it is perfectly lawful to own a gun. It is perfectly lawful to keep a gun in your house. It is perfectly lawful to keep that gun in your car, as long as it is not concealed. There's nothing against the law about possessing a gun. And I would expect that most people in this community do own guns.

(Day 2 Tr. Tran. 40-41.) Thus, counsel presented the same argument petitioner believes he would have presented had he testified, but counsel's closing argument did not expose petitioner to an inherently risky cross-examination. Counsel's strategic decision to present the argument to the jury without risking cross-examination is worthy of deference. Accordingly, Claim (3) must be dismissed.[6]

---

[6] Petitioner notes in the response to the United States' motion to dismiss that the United States "is acting as if Petitioner is challenging ineffective assistance of couns[]el on this claim[;] this he is not doing. His c[la]im is denial of right to testify in his own behalf. . . ." (Pet'r's Resp. 9.) However, petitioner, in fact, presented Claim (3) as an ineffective assistance of counsel claim. Petitioner argues in the brief supporting Claim (3) that "counsel was ineffective and his ineffectiveness was prejudicial. . . ." (Pet'r's Br. 16.) Petitioner argued that Claim (3) was not presented on direct appeal because "counsel was not in a position to raise ineffective assistance of counsel on himself. . . ." (Am. Mot. to Vacate 7.) Thus, petitioner's counter argument is meritless, and petitioner may not amend a motion to vacate in a response to a motion for summary judgment. Cloaninger, 555 F.3d at 336.

12

4. Claim (4)

Petitioner alleges in Claim (4) that counsel failed to consult with him about the PSR, allegedly in violation of Rule 32(i)(1)(A), Fed. R. Crim. P. Rule 32(i)(1)(A) requires a sentencing court to "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report[.]" The United States moves for dismissal because "the overall record shows that [petitioner] had discussed the [PSR] with counsel. [Petitioner], through counsel[,] submitted objections and an amended objection[] to the [PSR]. . . . It would not have been possible to generate the[] objections without a comprehensive review of the [PSR]. This is evidence from which the Court could conclude that defendant and counsel had in fact reviewed the report." (USA's Mot. to Dismiss (no. 189) 12.) The United States further argues that an error in compliance with Rule 32 is attributable to me, not counsel; a Rule 32 error should have been raised on direct appeal; and petitioner's failure to raise the issue on direct appeal constitutes procedural default. To the extent a Rule 32 error could be assigned to counsel, the United States relies on counsel's averment that counsel reviewed the PSR with petitioner and discussed petitioner's sentencing hearing, which included testimony from petitioner's mother and brother-in-law. Lastly, the United States argues that petitioner cannot establish prejudice from the sentencing hearing because I sentenced petitioner to the minimum term of incarceration within the applicable sentencing guidelines range.

In response to the United States' arguments, petitioner "admits that [Claim (4)] is not a strong issue and in respect for the Court, [petitioner] concurs with the [United States] on this claim." (Pet'r's Resp. (no. 191) 9.) Finding no dispute about the conclusion of this clam, I grant the United States' motion for Claim (4). See Purgess v. Sharrock, 33 F.3d 134, 144 (2d Cir.

1994) ("A court can appropriately treat statements in briefs as binding judicial admissions of fact."); Lipton v. County of Orange, N.Y., 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.").

5. Claim (5)

Petitioner argues in Claim (5) that counsel was ineffective for failing to advise petitioner that he must request a jury to determine the forfeiture issues. Section 2225 authorizes me to hear only challenges to a conviction or sentence in which a convict claims the right to be released. 28 U.S.C. § 2255(a). Even if, arguendo, counsel performed deficiently about whether petitioner must request a jury to determine the forfeiture issues and petitioner suffered sufficient prejudice, the result would not accelerate petitioner's release from custody. Therefore, I do not have jurisdiction to set aside petitioner's judgment on a claim of ineffective assistance of counsel about the validity of the forfeiture order. See United States v. Kaminski, 339 F.3d 84, 87 (2d Cir. 2003); United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003); United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999); United States v. Hatten, 167 F.3d 884, 887 (5th Cir. 1999), Blaik v. United States, 161 F.3d 1341, 1342 (11th Cir. 1998); Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997); Smullen v. United States, 94 F.3d 20, 25 (1st Cir. 1996); United States v. Watroba, 56 F.3d 28, 29 (6th Cir. 1995). See also Shifflett v. United States, 7:06-cv-00404, slip op. at 1-2 (W.D. Va. Jun. 13, 2007) (unpublished order) (holding that district court lacks jurisdiction via 28 U.S.C. § 2255 for challenges to a forfeiture order presented as ineffective assistance of counsel claims); Shifflett v. United States, No. 7:06-cv-00406, 2009 U.S. Dist. LEXIS 4153, at *4 n.2, 2009 WL 86485, at *1 n.2 (W.D. Va. Jan. 6, 2009) (noting the

14

same), certificate of appealability denied and appeal dismissed, No. 09-6233, 332 F. App'x 109 (4th Cir. Aug. 26, 2009); Bingham v. United States, 2005 U.S. Dist. LEXIS 13783, at *21-22, 2005 WL 1667684, at *7 (E.D. Va. June 10, 2005) (dismissing § 2255 challenge to forfeiture for lack of jurisdiction), certificate of appealability denied and appeal dismissed, No. 05-7029, 161 F. App'x 301 (4th Cir. Jan. 10, 2006). But see United States v. Berry, 118 F. App'x 744, 746 n.2 (4th Cir. 2006) (stating dictum that a forfeiture claim may be raised on collateral attack but not indicating whether jurisdiction exists). Accordingly, Claim (5) does not entitle petitioner to relief.

IV.

For the foregoing reasons, I grant the United States' motion for summary judgment and dismiss petitioner's amended motion to vacate. Based upon my finding that the petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for the United States.

**ENTER**: This 25th day of June, 2012.

Senior United States District Judge